IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK BRADFORD,  No. C-12-0897 TEH (PR)

    Plaintiff,  ORDER OF DISMISSAL

    v.

    Defendants.

_____/

    Plaintiff, a state prisoner, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that the prison officials at San Quentin State Prison in San Quentin, California and at Correctional Training Facility-Soledad in Soledad, California, have refused to treat his chronic lower back pain. Doc. #1. For the reasons set forth below, this action is DISMISSED without prejudice.

I.

    The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).  Under the PLRA, all available administrative remedies must be exhausted and such remedies "need not meet federal standards, nor must they be 'plain, speedy[] and effective.'"  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) (citing <u>Booth</u>, 532 U.S. at 739).  The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  <u>Woodford</u>, 548 U.S. at 90 (emphasis in original and internal quotations and citations omitted).  The exhaustion requirement must be satisfied *prior* to the commencement of the action; exhaustion subsequent to the filing of suit will not suffice  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).  Broadly stated, the purpose of the PLRA exhaustion requirement is to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  <u>Porter</u>, 534 U.S. at 525.  If the court concludes a prisoner has not exhausted administrative remedies, the proper remedy is dismissal of the claim

**2**

without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003).

Here, plaintiff has filed a motion an extension of time to file his <u>in forma pauperis</u> application and his complaint so that he may exhaust his administrative remedies. Doc. #4 at 1-2. Plaintiff states that he sent his third level appeal to Sacramento for a Director Level Response on March 8, 2012, and has not yet received a response. <u>Id.</u> Based on plaintiff's assertions, the Court finds that plaintiff has failed to exhaust his administrative remedies with regard to his claim that prison officials have refused to treat his chronic lower back pain.

Plaintiff's complaint accordingly is DISMISSED without prejudice to refiling after exhausting available administrative remedies. <u>See</u> <u>White v. McGinnis</u>, 131 F.3d 593, 595 (6th Cir. 1997) (court may dismiss <u>sua sponte</u> for failure to exhaust administrative remedies). The Clerk shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED  *03/26/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\Bradford-12-897-dismiss failure to exhaust.wpd